UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW JA SWANCARA,

Plaintiff,

v.

DEPARTMENT OF CORRECTIONS, *et al.*,

Defendants.

CASE NO. 2:26-cv-03974-KKE-GJL

ORDER DECLINING SERVICE OF CIVIL RIGHTS COMPLAINT

Plaintiff Matthew Ja Swancara, proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Proposed Complaint (Dkt. 1-2) under 28 U.S.C. §1915A, the Court **DECLINES** to serve the Proposed Complaint and, instead, **GRANTS** Plaintiff leave to file an amended pleading by **December 7, 2026**, to cure the deficiencies identified herein.

## I. BACKGROUND

Plaintiff, an individual currently incarcerated at the Monroe Correctional Complex-Sky River Treatment Center, initiated this prisoner civil rights action challenging the conditions of confinement. Dkt. 1-2. In particular, Plaintiff alleges a violation of his "right to send and receive

mail…legal and otherwise," and names the Washington State Department of Corrections ("DOC"), Mailroom Sergeant Spoo, and Captain Arnold as Defendants. *Id.* at 3–4.

Plaintiff alleges that, in January 2024, he discovered that he was not receiving mail. *Id.* at 4–5. Although Plaintiff's explanation of this discovery is difficult to follow, he appears to allege that, in 2022, he requested a pen pal and yearly calendar from an individual who wrote an article offering these services to incarcerated individuals. *Id.* at 4–6. Plaintiff alleges that he did not receive his first calendar until 2025 and has yet to receive any correspondence from the promised pen pal. *Id.* at 5. Plaintiff further alleges that he has attempted to contact attorneys about "other legal issues," but received no responses.[1] *Id.* Because he has not received these anticipated items in the mail, Plaintiff alleges that prison officials are not performing their duties to ensure that he receives his mail and are, in fact, intentionally withholding said mail. *Id.*

Plaintiff seeks, among other things, $3 million in damages as relief for his claim. *Id.* at 11.

## II. SCREENING STANDARD

Under the Prison Litigation Reform Act of 1996, the Court must screen proposed complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. §1915(e)(2)(B);

[1] Although Plaintiff references correspondence with attorneys concerning "other legal issues," he does not identify what these legal issues entailed. *Id.* Instead, Plaintiff attaches what appears to be a letter addressed to Columbia Legal Services requesting legal assistance for the allegedly missing calendars and pen pal correspondence, and no further details are provided. *Id.* at 7.

*Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Dismissal on these grounds constitutes a "strike" under 28 U.S.C. § 1915(g).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

Further, even *pro se* pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A plaintiff must set forth specific, plausible facts to support their claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–83 (2009). "[T]o nudge a claim across the line from conceivable to plausible, a plaintiff must plead facts that, if true, allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged and to rule out obvious alternative explanations for the defendant's conduct." *Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, 608 U.S. 580, 589–90 (2026) (citing *Iqbal*, 556 U.S., at 678, 680 and *Twombly*, 550 U.S., at 567) (cleaned up).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). At step two, a plaintiff must allege facts showing how each defendant caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

## III. DISCUSSION

Upon review, Plaintiff's Proposed Complaint has deficiencies at both steps of stating a § 1983 claim. Each deficiency is addressed in turn.

### A. Failure to State a Claim

First, Plaintiff has failed to clearly identify the specific constitutional harm underlying his claims. Construed liberally, Plaintiff may be attempting to allege a violation of his right to send and receive legal and non-legal mail under the First and Sixth Amendments or his fundamental right to access the courts. Under either construction, however, Plaintiff has failed to allege facts upon which the Court may reasonably infer any Defendant liability or "rule out obvious alternative explanations" for the matters identified in his Proposed Complaint. *Hikma Pharms.*, 608 U.S., at 589.

1. Rights Concerning Prison Mail

Prisoners have a First Amendment right to send and receive mail. *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995). Prisons and prison officials may encroach upon that right without violating the constitution so long as the challenged conduct is reasonably related to legitimate penological interests, such as security, order, and rehabilitation. *Id.* (citing *Turner v. Safley,* 482 U.S. 78, 89 (1987)). In addition, "isolated incidents of mail interference without any evidence of tampering or improper motive do not give rise to a constitutional violation." *Sekona v. Gutierrez*, No. 23-CV-06311-HSG, 2026 WL 3153160, at *2 (N.D. Cal. Oct. 21, 2026) (collecting cases).

Individuals corresponding with their attorneys also have a First Amendment right to be present when their legal mail is inspected. *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017) ("[Those in custody] have a protected First Amendment interest in having properly marked legal mail opened only in their presence."). If an individual is corresponding with their attorney on a criminal matter, the Sixth Amendment provides further protection by preventing

prison officials from reading their legal materials during a mail inspection. *Nordstrom v. Ryan*, 762 F.3d 903, 909 (9th Cir. 2014). However, because the Sixth Amendment protections apply only to criminal prosecutions, *United States v. Ward*, 448 U.S. 242, 248 (1980), legal correspondence about civil matters is not given this additional layer of constitutional protection.

Plaintiff's allegations are insufficient to state a claim for unconstitutional interference with non-legal mail under the First Amendment. Although Plaintiff alleges that he has not received certain anticipated mail, including yearly calendars and correspondence from a prospective pen pal, he failed to allege any facts plausibly connecting his failure to receive this mail to any Defendant conduct. Plaintiff merely speculates that prison officials have intentionally withheld his mail, without alleging facts supporting a reasonable inference that any interference with his mail is taking place.

Additionally, Plaintiff's own submissions supply an "obvious alternative explanation" for his missing mail that his factual allegations fail to rule out. *Hikma Pharms*., 608 U.S. at 589. Specifically, Plaintiff attaches a letter from the individual from whom he requested a pen pal and yearly calendars, explaining that she had been unable to respond to correspondence because of a substantial backlog of unanswered letters. Dkt. 1-2 at 6. Thus, Plaintiff's allegations do not permit the reasonable inference that his failure to receive any non-legal mail resulted from any Defendant's unconstitutional interference with prison mail systems and, instead, suggest that the allegedly missing items were simply never sent.

Plaintiff's allegations concerning his correspondence with attorneys are similarly insufficient to state either a First or Sixth Amendment claim concerning interference with legal mail. Although Plaintiff alleges that he attempted to contact attorneys regarding unspecified legal matters and did not receive responses, Dkt. 1-2 at 5, he does not allege facts sufficient to show that any attorney sent him correspondence that he failed to receive or that prison officials

intercepted, opened, read, or otherwise interfered with any legal mail. Nor does Plaintiff allege that he was prevented from sending correspondence to any attorney. Accordingly, Plaintiff has failed to allege facts supporting a plausible claim that any Defendant violated his constitutional rights concerning legal or non-legal mail

2. Right to Access the Courts

Prisoners have a "fundamental constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). The right of access to the courts applies to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 cases. *Lewis v. Casey*, 518 U.S. 343 at 353 n. 3, 354–55 (1996). Even where the right applies, however, it is limited to a prisoner's ability to access courts and does not guarantee the ability to discover legal claims or effectively litigate one's claims in court. *See Lewis*, 518 U.S. at 354–55; *Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995) ("[W]e conclude the Supreme Court has clearly stated that the constitutional right of access requires a state to provide a law library or legal assistance only during the pleading stage of a habeas or civil rights action.").

In addition, a plaintiff must show some actual injury resulting from a denial of access in order to allege a constitutional violation. *See Lewis*, 518 U.S at 349. To satisfy the actual injury requirement, plaintiffs must show "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348; *Phillips v. Hurst*, 588 F.3d 652, 655 (9th Cir. 2009). "Failure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to [an access to courts] claim." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting *Lewis*, 518 U.S. at 353 & n.4).

Plaintiff's allegations do not satisfy the actual injury element of an access to courts claim or otherwise demonstrate a violation of his fundamental right to access courts stemming from his concerns about prison mail. Plaintiff does not plausibly allege that he was prevented from

presenting any nonfrivolous legal claims or complying with filing deadlines in any ongoing proceedings covered by the right of access to the courts.

**B. Improper Defendant**

Second, Plaintiff has named an improper defendant in his Proposed Complaint. As stated above, the proper defendants for § 1983 claim are "persons" acting under color of state law. The United States Supreme Court has made clear that States and state agencies are not "persons" subject to suit under § 1983. S*ee Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989). In addition, it is well established that, under the Eleventh Amendment, a nonconsenting State is immune from suits brought in federal courts by its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). The State of Washington has not waived its Eleventh Amendment immunity for federal civil rights actions. *See Whiteside v. State of Wash.*, 534 F. Supp. 774, 778 (E.D. Wash. 1982).

As an agency of the State of Washington, the DOC is not a "person" that can be sued under § 1983, *Will*, 491 U.S. at 64, and the Eleventh Amendment further bars Plaintiff's claim against this defendant. *Edelman*, 415 U.S. at 662–63. Plaintiff thus fails to state a § 1983 claim against Defendant DOC. In any amended pleading, Plaintiff should not name any defendant who is not subject to suit under § 1983.

To summarize, the Proposed Complaint fails to state a claim and the identified deficiencies must be cured before Plaintiff may proceed in this action. In any amended complaint, Plaintiff must clearly identify the constitutional violation upon which his claim is based and allege specific facts identifying the actions or omissions of each defendant that allegedly violated his constitutional rights. Plaintiff should not assert a claim concerning interference with his mail unless he can allege facts plausibly demonstrating that prison officials

interfered with his incoming or outgoing correspondence, rather than merely speculating that his failure to receive anticipated correspondence resulted from their conduct.

Likewise, Plaintiff should not assert a denial of access to courts claim unless he can allege facts demonstrating that a defendant's conduct caused him actual injury in pursuing a nonfrivolous legal claim. Finally, Plaintiff should not name any defendant who is not subject to suit under § 1983.

## IV. CONCLUSION AND INSTRUCTIONS

Because of the deficiencies described above, the Court **DECLINES** to direct service of the Proposed Complaint. Instead, Plaintiff is **GRANTED LEAVE** to file an amended complaint correcting the above-stated deficiencies on or before **December 7, 2026.**

The Court **WILL** screen the amended complaint to determine if service upon any defendant is appropriate. The amended complaint **MUST** contain a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief **MUST** be simple, concise, and direct.

The amended complaint **MUST** be filed under the same case number as this one and will operate as a **complete substitute** for Plaintiff's prior pleadings. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The amended complaint **MUST** be prepared using the court-provided form and **MUST** be legibly rewritten or retyped in its entirety. This means, the amended complaint **MUST** be an original document, not a compilation of previously submitted materials, and it **MAY NOT** incorporate *any part* of the prior complaint by reference.

Failure to file a amended complaint addressing the issues identified herein by the stated deadline **MAY** result in a **recommendation** this action be **dismissed**.

Finally, the Clerk of Court is **DIRECTED** to provide Plaintiff the appropriate forms for filing a prisoner civil rights complaint along with a copy of this Order.

Dated this 5th day of November, 2026.

Grady J. Leupold
United States Magistrate Judge